UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSSELL J. WEBSTER,<br><br>    Petitioner,<br><br>  vs.<br><br>JOSEPH. E. McCOY, Superintendent,<br><br>    Respondent. | No. 9:03-cv-00440-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Russell J. McCoy has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently in the custody of the New York Department of Correctional Services at the Cayuga Correctional Facility, Moravia, New York.

PRIOR PROCEEDINGS

  After a trial by jury in the Broome County Court Petitioner was convicted of burglary in the second degree and criminal possession of stolen property in the fifth degree (theft of an air compressor and other tools from a dwelling where he had previously resided as a guest of its lawful tenants, Daniel Marvin and Rose Marvin) and sentenced as a second felony offender to a 10-year determinate prison term.  Petitioner timely appealed his conviction to the Appellate Division of the New York Supreme Court raising the following grounds: (1) insufficiency of the evidence; (2) inadequate instructions; (3) prosecutorial misconduct; and (4) the sentence he received was unduly harsh and should be reduced in the interests of justice.  The Appellate Division affirmed Petitioner's conviction, *People v. Webster*, 736 N.Y.S.2d 157 (N.Y. App. Div.2002).  The New York Court of Appeals denied leave to appeal without opinion on April 3, 2002, 771 N.E.2d 844 (N.Y.2002) (Table).  Petitioner's conviction became final 90 days later, Tuesday, July 2, 2002, when his time for petitioning  the U.S. Supreme Court for *certiorari* expired, and his time to file a federal habeas petition expired one year later, July 2, 2003.  *Pratt v. Greiner*, 306 F.3d 1190, 1195 (2d Cir.2002).

On December 3, 2002, Petitioner filed a motion for an order vacating the judgment under N.Y. CRIM. PROC. LAW § 440.10 ("§ 440.10 motion"), with the County Court, Broome County alleging: (1) denial of effective assistance of counsel; (2) the prosecution failed to disclose a pending criminal charge and prior conviction of a prosecution witness; and (3) juror misconduct. The Broome County Court denied the motion on February 27, 2003, and Petitioner was denied leave to appeal by the Appellate Division on April 17, 2003. On April 6, 2003, Petitioner timely filed his petition in this Court and on July 21, 2003, an amended petition was filed.

## ISSUES RAISED/STANDARD OF REVIEW

In his amended petition Petitioner raises five grounds: (1) insufficiency of the evidence; (2) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) prosecutorial misconduct (improper closing argument); (4) inadequate and incorrect jury instruction; and (5) ineffective assistance of counsel. Petitioner raised the first, third, and fourth grounds on direct appeal and the second (if it was properly raised all) and fifth grounds in his § 440.10 motion. Respondent concedes that Petitioner has exhausted his state-court remedies on all grounds except the second.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decisions of the New York courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir.2000), which in this case was that of the New York Supreme Court, Appellate Division on the direct appeal and the New York County Court, Broome County on the § 440.10 motion. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (Citations and internal quotation marks omitted)).

## DISCUSSION

Ground 1: (Insufficiency of the Evidence). In rejecting Petioner's arguments before that court, the Appellate Division held:

> Defendant contends initially that the evidence at trial failed to establish the "unlawful access" element of burglary in the second degree (*see,* Penal Law § 140.25) because he had resided at the dwelling with the tenants' permission shortly before the tools wereremoved and believed he had permission to reenter the premises. To establish that he reasonably believed such permission had been given, defendant cites the testimony of Rose Marvin confirming that she never told him that he could not return to the premises after he moved out. Daniel Marvin testified, however, that when he told defendant to move out, he had stated that he and his wife were "cutting him off access as soon as he moved". Any arguable conflict between these testimonies presented an issue of credibility for the jury to determine (*see, People v. Liotta,* 274 A.D.2d 751, 753, 712 N.Y.S.2d 65; *People v. Parkinson,* 268 A.D.2d 792, 793-794, 702 N.Y.S.2d 216, *lv. denied* 95 N.Y.2d 801, 711 N.Y.S.2d 169, 733 N.E.2d 241). Since the jury clearly credited Daniel Marvin's testimony, the evidence supports the finding of unlawful access. Our independent review of the trial evidence (*see, People v. White,* 261 A.D.2d 653, 656, 690 N.Y.S.2d 300, *lv. denied* 93 N.Y.2d 1029, 697 N.Y.S.2d 588, 719 N.E.2d 949) also leads us to conclude that the jury accorded the evidence its proper weight (*see, People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672). Thus, we find that defendant's burglary conviction is supported by legally sufficient evidence and is not against the weight of evidence.

The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence

review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n. 16. This Court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review. *Wright v. West*, 505 U.S. 277, 296 (1992). Where, as in this case, the question is one of credibility, the finding of the jury carries the day. *See Schup v. Delo*, 513 U.S. 298, 330 (1995); *West v. Wright, supra*.

      Petitioner argues that the Appellate Division "twisted the facts to fit the statute."  In his memorandum of law in support of the petition and traverse, Petitioner points to several instances in which the testimony of prosecution witnesses was inconsistent and contradictory.  Primarily, Petitioner claims that he had the permission of the tenant of record to enter the premises; thus, according to Petitioner, he could not have committed burglary under New York law.

      Petitioner misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction.  This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses.  Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction of the crime with which a petitioner is charged, as determined by state law.  Petitioner bears the burden of establishing by clear and convincing evidence that the factual findings of the jury were erroneous; a burden Petitioner has failed to carry.  Whether or not the facts fit the crime of burglary under New York law is a question of state law that is beyond the purview of this Court in a federal habeas proceeding.  The Appellate Division of the New York Supreme Court upheld Petitioner's conviction on direct appeal and the New York Court of Appeals denied review.  Thus, this Court must assume that there was sufficient evidence to convict Petitioner of the crime of burglary as that crime is defined by New York statute as interpreted and applied by the New York courts.

      This Court cannot say that the decision of the New York Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Nor can this Court find that the New York Appellate Division unreasonably

applied the correct legal principle to the facts of the Peitioner's case as required by *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Petitioner is not entitled to relief under his first ground for relief.

Ground 2 (*Brady* Violation).

Petitioner raises four points in his second ground, in that the prosecutor: (1) failed to turn over the terms of a plea agreement with one of his witnesses; (2) failed to correct false testimony he knew to be false; (3) intentionally suppressed evidence; and (4) allowed false testimony to be introduced. Petitioner contends these constituted violations of *Brady v. Maryland*, 373 U.S. 83 (1963). In denying this claim, the Broome County Court held:

> Defendant claims that the prosecution failed to disclose prior convictions and pending criminal charges against a witness. This assertion is refuted in the prosecutor's responsive affirmation. A list of witnesses' pending charges dated May 23, 2000, was provided to defense counsel. In any event, had there been a failure to disclose a pending charge, there is no possibility that it contributed to the verdict, as it could only have been used for impeaching the witness, and was not material (*see, People v. Wolf*, 176 AD2d 1070 [3rd Dept. 1991] *app denied* 79 NY2d 1009 [1992] ).

Respondent argues that because the claim he is making in this Court with respect to the failure to turn over the plea agreement is materially different from the claim he made in the Broome County Court in his § 440.10 motion, he has not properly exhausted that claim. The Court agrees with Respondent. In order to be exhausted, a federal claim must have been fairly presented to the appropriate state court. *Picard v. Connor*, 404 U.S. 270, 275, 280 (1971). To "fairly present" the claim to the state court, the petitioner "must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Att'y Gen. of State of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc). To satisfy this test he "must have set forth in the state court all of the essential factual allegations asserted in his federal petition; if material factual allegations are omitted, the state court has not had a fair opportunity to rule on the claim." *Id*.

In his § 440.10 motion Petitioner simply argued that the prosecution had failed to disclose the existence of criminal charges against a prosecution witness, Randolph Hayward. He mentions nothing about a plea agreement. Since the facts upon which the current petition is

based differ from the facts presented to the Broome County Court, he has not properly exhausted that claim. Even if the Court were to reach that point on the merits, relief would be denied. Petitioner has provided no evidence that there was a plea agreement or that Hayward otherwise received lenient treatment in exchange for his testimony. All Petitioner points to is that some four and a half months after Petitioner was convicted Hayward was sentenced to a "one year conditional discharge," a fine of $100 and a $95 surcharge. This simply does not establish the existence, or even probable existence, of a plea agreement.

The other three points do not constitute a *Brady*-type violation. They are more properly characterized as prosecutorial misconduct—part of his third ground. As Petitioner is appearing *pro se*, the Court, as it must, gives considerable latitude in drafting pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). In so doing, the Court examines the petition as though Petitioner had placed his various arguments in the proper category. To warrant granting the writ, the prosecutorial misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Although Petitioner raised prosecutorial misconduct in his direct appeal, he did not raise the three points he raises before this Court.[1/] Petitioner, having failed to fairly present these matters to the state court, either factually or legally, has failed to exhaust his state-court remedies. *Daye v. Att'y Gen. of State of New York, supra*.

Even on the merits, Petitioner cannot prevail. It is clear that the eliciting of evidence that the prosecution knows is false is prosecutorial misconduct requiring the granting of a writ of habeas corpus. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Jenkins v. Artuz*, 294 F.3d 284. 295–96 (2d Cir.2002). Inconsistencies, to the extent they may have existed,[2/] between the

---

[1/] The Court also notes that in his § 440.10 motion he somewhat elliptically refers to those points, it is done in a terse manner intermixed with his ineffective assistance of counsel arguments, in particular in connection with his arguments to the extent counsel failed to call certain witnesses Petitioner claims were key to his defense. However, Petitioner cited no authority for the proposition that there was a legal obligation of the prosecution to call witnesses who might have been more favorable to the defense.

[2/] The police reports are not included in the record before this court; nor does it appear they were presented to either the New York Appellate Division on appeal or the Broome County Court on the § 440.10 motion.

statements of certain witness contained in the police reports and the trial testimony goes to credibility, but does not necessarily make the testimony false or that the prosecution knew it was false.[3/]  Also, while Petitioner may in utmost good faith believe that the trial testimony was false, that, standing alone, neither makes the trial testimony false nor does it establish that the prosecutor knowing used false testimony.  The evidence he claims was improperly suppressed is the potential impeachment evidence contained in police reports.  Petitioner essentially argues that the prosecutor should have brought these inconsistencies out in his direct examination of the witnesses.  Petitioner cites no authority, let alone a decision of the United States Supreme Court for the novel proposition that the prosecution suppresses evidence in a police report without suppressing the police report (not alleged) or that a prosecutor has a duty to impeach a prosecution witness or, even assuming such a duty exists under otherwise applicable state law, that the failure to do so is constitutional error.

This Court cannot say that the decision of the Broome County Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Nor can this Court find that the Broome County Court unreasonably applied the correct legal principle to the facts of the Petitioner's case as required by *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Petitioner is not entitled to relief on his second ground.

Ground 3 (Prosecutorial Misconduct) and Ground 4 (Inadequate instructions):  In rejecting Petitioner's arguments on direct appeal, the Appellate Division held:

> Defendant's arguments that County Court's instructions to the jury were inadequate and that the People's summation misstated both the evidence and the applicable law attempt to raise issues unpreserved for our review (*see, People v. Holzer,* 52 N.Y.2d 947, 948, 437 N.Y.S.2d 964, 419 N.E.2d 867; *People v. Keller,*

---

[3/] Indeed, one of the reasons that police reports are inadmissible as evidence is that they are blatant hearsay records of what someone told the person who is recording the statement.  Moreover, it is just as likely that the statement made to the police was incorrect or false or, even, erroneously interpreted or recorded by the officer making the report.

> 238 A.D.2d 758, 758, 656 N.Y.S.2d 484, *lv. denied* 92 N.Y.2d 927, 680 N.Y.S.2d 468, 703 N.E.2d 280; *People v. Oquendo,* 232 A.D.2d 881, 883-884, 649 N.Y.S.2d 495, *lv. denied* 89 N.Y.2d 927, 654 N.Y.S.2d 729, 677 N.E.2d 301). In any event, were we to consider them in the interest of justice, we would nevertheless find that County Court's substantive instructions were adequate and that its curative instruction to the jury remedied any prejudice caused by the People's summation.

Respondent argues that because the Appellate Division held that the issues were not properly preserved for review, Petitioner is procedurally defaulted precluding further review on the merits by this Court. When, as in this case, the state court states that a claim is "unpreserved for review" and then rules "in any event" on the merits, unpreserved for review is an adequate independent state ground precluding further review by this Court in a federal habeas proceeding. *Glenn v. Bartlett*, 98 F.3d 721, 724–25 (2d Cir.1996); *see also Green v. Travis*, 414 F.3d 288, 294 (2d Cir.2005) (applying *Glenn*); *Farma v. Commissioner of Correctional Services*, 235 F.3d 804, 811 n. 4 (2d Cir.2000) (noting the continued validity of *Glenn*). The Court agrees with Respondent that, because Petitioner's claims were defaulted in state court on an adequate and independent state ground, they will not be considered in federal habeas proceedings unless Petitioner can demonstrate cause for the default and actual prejudice. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989). Petitioner has made no such showing in the petition filed in this Court.

The comments of which Petitioner complains are three instances in which the prosecutor referred to evidence as being uncontroverted. As noted above, in order to have exhausted his claims, Petitioner must have fairly presented them to the state court. A review of the Appellant's Brief on the appeal to the Appellate Division reveals that they were never presented to that court. Thus, the specific error Petitioner refers to was not fairly presented to the state court and is, therefore, unexhausted. *Daye v. Att'y Gen. of State of New York, supra*.

Even if the Court were to address the claims on the merits, it would deny relief. Ordinarily, "remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute egregious misconduct." *United States v. Elias*, 285 F.3d 183, 190 (2nd Cir.2002); *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999). Petitioner's reliance on *United States v. Skandier*, 758 F.2d 43, 44 (1st Cir.1985) is misplaced. First, he takes the

comment "we have held it reversible error to state baldly that the government's evidence was uncontradicted" out of context and does not reflect the true holding of the case. *Skandier* found the error, in light of the curative instruction, to be harmless. There are factual differences between *Skandier* and the petition before this Court, *e.g.*, in *Skandier* an objection was interposed and an immediate curative instruction given, while in this case there was no objection, therefore, no immediate curative instruction. However, in both cases the trial court instructed the jury that the burden of proof was on the prosecution and the defendant need prove nothing. In *Skandier* this instruction was given immediately, while in this case it was given as part of the final instructions to the jury. This Court must presume, in the absence of evidence to the contrary, that the jury followed those instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985).

      The Second Circuit has explicitly held that mentioning evidence as "uncontradicted" or "unrefuted" does not amount to improper commentary by the prosecutor on defendant's failure to testify. *United States v. Iorizzo*, 786 F.2d 52, 60 n.4 (2d Cir.1986). The Second Circuit has also recognized that comments on the absence of evidence to rebut the prosecution case to counter or debunk a defense theory. *See United States v. Parker*, 903 F.2d 91, 98 (2nd Cir.1990); *cf. United States v. Gotchis*, 803 F.3d 74, 81 (2d Cir.1986). It appears from the transcript of the trial proceedings that the remarks attributed to the prosecutor were in his rebuttal summation responding to the defense summation.

      Here the alleged error with respect to the jury instructions is the failure to give certain *unrequested* state law instructions. The failure to request an instruction be given is not only an adequate independent state ground, but it does not rise to the level of a federal constitutional error warranting habeas relief. *See Dunnigan v. Keane*, 137 F.3d 117, 127 (2d Cir.1998).

      This Court cannot say that the decision of the New York Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the New York Appellate Division unreasonably applied the correct legal principle to the facts of the Petitioner's case as required by

*Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Petitioner is not entitled to relief under his third and fourth claims for relief.

Ground 5 (Ineffective assistance of counsel).

Petitioner argues that he was provided ineffective assistance of counsel in several respects. (1) failure to call Stacy Nelson; (2) failure to interview Richard and Mary Hayward or Robyn Hendricks; (3) failure to introduce the police report; (4) failure to confront witnesses with the police report; (5) failure to request a flight instruction; (6) failure to object to the prosecution's manipulation of the evidence or misquoting of testimony and attack on Petitioner; and (7) failed to properly investigate and inform the court of alleged juror misconduct. In denying Petitioner's § 440.10 motion, the Broome County Court held:

> In this motion defendant raises numerous issues. He contends that he was deprived of effective assistance of counsel. He attributes many deficiencies in the conduct of his trial to his trial counsel, including the failure to call all material witnesses, including one exculpatory eyewitness, and the failure to use a police report in his cross-examination of witnesses. Defendant also argues that the prosecution did not disclose a pending charge and prior convictions of a prosecution witness. He raises an allegation of juror misconduct during the trial.
>
> Defendant sets forth several instances where he claims counsel failed to adequately represent him. He contends counsel failed to call Stacy Nelson, whose sworn statement dated October 18, 2002, states she witnessed defendant at 18 Crocker Avenue, on October 17, 1999, with the stolen items, but that he did not enter the premises. She states she contacted trial counsel and gave him this information, but he did not contact her again. Defense counsel may have decided not to call Stacy Nelson as a witness, as her testimony would have been inculpatory since she witnessed defendant in possession of the stolen property.
>
> Defendant also claims counsel failed to call Richard Hayward. In a statement sworn to on June 16, 2002, Mr. Hayward states he was present at Lena Milot's house in October 1999 and overheard a conversation where Chris Holtslander claimed he had a welder and an air compressor. He also states that defendant was at Milot's house Christmas Eve 1999, and was not at Sprouse's residence. This statement conflicts with the trial testimony of Damian Scull.[1] Hayward states that counsel was aware of this information, but did not call him as a witness. A review of the record reveals that Richard Hayward's testimony would have been cumulative, as Lena Milot testified to the October conversation at trial. Hayward's testimony regarding defendant's whereabouts on Christmas

Eve 1999 was not material and could only have been used for impeachment of the witness.

---

[1] At trial Damian Scull testified that on Christmas Eve 1999 while at Sprouse's residence defendant told him to say that Chris did it, referring to the burglary.

---

Defendant claims that counsel should have called Mary Hayward and Robyn Hendrix to testify.  Mary Hayward states in a document sworn to on December 2, 1999, that Rose Marvin had said Chris Holtslander was the only one who knew the air compressor and welder were in the basement.  That contention is clearly refuted by the testimony of several witnesses at trial.  Robyn Hendrix, a Georgia resident, in a statement sworn to on May 12, 2002, states that defendant had been planning a trip to Georgia for several months prior to October 1999.  She states that he had called her in mid-October 1999 to say he would be there at the end of the month.  She claims she advised counsel that she was willing to come to New York to testify.  Defendant contends in his motion papers, that had she testified, this information would have negated the prosecution's argument that defendant was attempting to flee at the time of his arrest.  The burglary occurred in mid-October, when Ms. Hendrix claims defendant called her, and contrary to defendant's contention, counsel may have determined that her testimony would have been prejudicial to defendant, the phone call having been made at or about the time of the burglary.

Defendant also contends that counsel's failure to use the police report in the cross-examination of prosecution witnesses was a tactical error.  Tactical errors viewed after the fact do not constitute ineffectiveness (*see, People v. Baldi,* 54 NY2d 137 [1981]).  Defense counsel may have determined there would be little to gain by pursuing cross-examination based on the police reports.  Counsel's decisions whether to call certain witnesses or failures to use certain documents to impeach witnesses' testimony are defensible trial tactics.  A determination not to call witnesses after interviewing them is a strategic legal decision and does not constitute a basis for ineffective assistance of counsel (*see, People v. Smith*, 82 NY2d 731 [1993]).

Although defendant contends he complained to the Court about his counsel, that issue was resolved in a pre-trial appearance on April 20, 2000.  Upon inquiry by the Court defendant stated that prior problems with his attorney had been worked out.  A review of the record reveals defense counsel made appropriate pre-trial motions, and post verdict motions.  He conducted a vigorous defense, calling several witnesses.  Defendant has not established that counsel's failure to call a particular witness cannot be attributed to a plausible trial strategy.  Any such failure must be viewed in the context of counsel's overall representation of the defendant.  The right to meaningful representation does not mean perfect representation (*see, People v. Civi tello*, 152 AD2d 812 [3rd Dept. 1989] *app*

*denied* 74 NY2d 947 [1989]).  As the Court of Appeals stated in *People v. Baldi*, 54 NY2d 137 146

> So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met.
>
> The defendant with the benefit of hindsight points out how counsel might have been more effective.  However, these disagreements with his strategies and performance are not supported by the record (*see, People* v. *Benevento,* 91 NY2d 708 [1998] ).  Upon review of the record as a whole, isolated omissions by counsel would not have undermined his effectiveness (*see, People v. Orr,* 240 AD2d 213 [1st Dept. 1997] *app denied* 90 NY2d 942 [1997].  Furthermore, defendant has failed to establish the lack of any strategic basis for defense counsel's actions or omissions.  He has failed to sustain the burden of proving that he was denied his right to the effective assistance of counsel.  The Court's review of the record reveals a defense strategy.  Counsel supported that strategy in cross-examination of prosecution witnesses and by presenting several defense witnesses.  Here, counsel's conduct was competent and reasonable, which even though unsuccessful does not rise to the level of ineffective representation (*see, People* v. *Satterfield,* 66 NY2d 796 [1985]) .

*   *   *   *

> Defendant's allegations regarding juror misconduct are also insufficient as they are unsupported by any other documentation or evidence.  CPL 440.30(4)(d).

"A criminal defendant has a high burden to overcome to prove the deficiency of counsel."  *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir.2006).  To demonstrate ineffective assistance of counsel, Petitioner must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*.  Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).  Indeed, the Supreme Court admonished in *Strickland*, 466 U.S. at 689 (internal citations and quotation marks omitted):

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or

> adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

As the second Circuit has stated: "Without evidence establishing that counsel's strategy arose from vagaries of ignorance, inattention or ineptitude, *Strickland's* strong presumption must stand." *Greiner v. Wells*, 417 F.3d 305, 326 (2d Cir.2005) (internal quotation marks and citations omitted).

Addressing Petitioner's third (failure to introduce police report), fifth (failure to request a flight instruction), and sixth (failure to object) points. In his § 440.10 motion, Petitioner argued that counsel was deficient for failing to cross-examine certain witnesses concerning the police report (his fourth claim before this court). He did not raise the introduction into evidence issue. Thus, because the factual basis for the claim made in the state court differs from the claim presented to this court, Petitioner failed to fairly present the issue to the state court and the claim is, therefore, unexhausted.[4/] *Picard v. Connor, supra*; *Daye v. Att'y Gen. of State of New York, supra*. The Court's review of the 80-page § 440.10 motion does not reveal that Petitioner raised the failure to request a flight instruction as a ground for ineffective counsel. Nor does an examination of the motion reveal that petitioner raised the issue of counsel's alleged failure to object to the prosecutor's conduct. Those points are also unexhausted. *Picard v. Connor, supra*.

Turning to Petitioner's remaining points, the Court having reviewed the decision of the Broome County Court denying Petitioner's § 440.10 motion as well as the motion itself, cannot say that the decision of the Broome County Court does not follow the dictates of *Strickland–Hill*.

---

[4/] The police report itself was more likely than not inadmissible in any event. *See People v. Dyer*, 513 N.Y.S.2d 211, 212 (N.Y.A.D.1987).

<u>Point 1</u>.  Counsel's decision "whether to call witnesses—even ones who might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 19 F.3d 192, 201-02 (2d Cir.2000).  As the Broome County Court noted, the testimony of Stacy Nelson was as inculpatory (in possession of stolen property) as it was exculpatory (Petitioner did not enter the house).  A Court must not be quick to judge the effectiveness of counsel in weighing the relative risks involved based upon a cold record and applying hindsight; particularly where, as in this case, there is a danger that a jury might accept the inculpatory testimony and reject the exculpatory.  *Strickland* not only does not require such an approach but cautions against it.

<u>Point 2</u>.  The claim that counsel failed to interview Richard and Mary Hayward is not supported by the record and the claim that he failed to interview Robyn Hendrix is directly contradicted by her affidavit.  The testimony of Richard Hayward may or may not have been helpful to Petitioner's case.  Moreover, its materiality to the case other than perhaps impeachment on a minor point, how much was to be paid for the welder, is not evident.  The failure to call Richard Hayward as a witness under those circumstances does not meet either prong of the *Strickland–Hill* test.  The testimony of Mary Hayward was nothing more than hearsay, that Rose Marvin said Chris was the only one who knew where the air compressor was.  Not only is this inadmissible hearsay and conjecture, but immaterial.  The failure to call Mary Hayward as a witness under those circumstances does not meet either prong of the *Strickland–Hill* test.  With respect to Robyn Hendrix, her testimony would have been limited to the fact she had a telephone conversation with Petitioner,  The content of the telephone conversation would have constituted inadmissible hearsay.  Moreover, assuming that the content were admitted, as the Broome County Court implied counsel could reasonably have feared Hendrix's testimony created a serious risk of creating an inference that Petitioner was attempting to "manufacture" a defense.  The failure to call Robyn Hendrix as a witness under those circumstances does not meet either prong of the *Strickland–Hill* test.

<u>Point 4</u>.  As the Broome County Court noted, decisions of whom to call and how to confront witnesses is a tactical situation in which courts are hesitant to second-guess counsel.  In this case, Petitioner has failed to show in his petition how, or what manner the police reports

would have contradicted the trial testimony or the effect it would have had on the eventual outcome.[5/]  Petitioner has not met his burden of establishing at least the second prong of the *Strickland–Hill* test.

   Point 7.  Petitioner argues that by failing to adequately investigate and bring to the attention of the court the allegations of juror misconduct, counsel provided ineffective assistance.  This allegation is, as the Broome County Court held, wholly unsupported by evidence.  Under NEW YORK CRIM. PROC. LAW § 440.30(4)(d), upon considering the merits a § 440.10 motion may be denied without a hearing if an allegation of fact essential to support the motion is made solely by the defendant and unsupported by any other affidavit or evidence.

   The alleged juror misconduct is that an unidentified female juror who was previously employed by the same employer as Mr. Marvin (the victim) met with him in a car after the first day of trial.  Petitioner's allegation is based upon an hearsay statement (he was told by Ms. Sprouse) that is itself hearsay (she was told by Mrs. Marvin).  According to Petitioner: (1) he contacted counsel and informed him of what he had been told and (2) counsel told Petitioner that he contacted Mrs. Marvin and was told that although it appeared she had identified one of the jurors, she was no longer willing to execute an affidavit.  Petitioner faults counsel for not seeking an order of the court to inquire into the matter.  Petitioner also asserts that Ms. Sprouse is available, if subpoenaed.

   "It is clear that a court is required to hold a post-trial hearing when reasonable grounds for investigation exist.  reasonable grounds exist when there is clear, strong, substantial evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant.  *United States v. Vitale*, 459 F.3d 190, 197 (2d Cir.2006) (internal quotation marks and citations omitted).  However, at this juncture there is no evidence to support the allegation.  Because counsel lacked any evidence, let alone "clear, strong, substantial and incontrovertible evidence," his failure to bring the matter before the court hardly constitutes ineffective assistance of counsel.  petitioner has failed to satisfy either prong of the *Strickland–Hill* test.

---

[5/] The absence of the police reports from the record makes it impossible for this Court to review the factual adequacy of the state court findings, which this Court must accept as true unless the Petitioner shows otherwise by clear and convincing evidence.

This Court cannot say that the decision of the Broome County Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the Broome County Court unreasonably applied the correct legal principle to the facts of the Petitioner's case as required by *Lockyer–Williams*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Petitioner is not entitled to relief on his fifth ground.

Petitioner not being entitled to relief on any of the grounds raised in his petition,

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)); *Love v. McCray*, 413 F.3d 192 (2d Cir.2005) (same). To the extent the issues raised in the petition were addressed by the New York Appellate Division or the Broome County Court in their respective decisions and are therefore exhausted, no reasonable jurist could find that the decision was "objectively unreasonable."

The Clerk of the Court to enter final judgment accordingly.

Dated:  August 6, 2007

s/ James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
United States District Judge